**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

---

MAGALY STEPHANIA MENDEZ CANTU,

Plaintiff,

v.

SHARKNINJA OPERATING LLC,

Defendant.

Docket No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **MAGALY STEPHANIA MENDEZ CANTU** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **THE JULIAN C. GOMEZ LAW FIRM**, hereby submits the following Complaint and Demand for Jury Trial against Defendant, **SHARKNINJA OPERATING LLC** (hereafter referred to as "Defendant SharkNinja" or "Defendant"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff after Plaintiff was seriously injured by a "Ninja Professional Plus Blender."

2. Defendant SharkNinja Operating LLC manufactures, markets, imports, distributes, and sells a wide range of consumer products, including the subject "Ninja Professional Plus Blender" (hereafter referred to as "subject blender" or "Ninja blender(s)") that is at issue in this case.

3. On or about December 23, 2022, Plaintiff suffered severe and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade assembly being improperly and safely packaged.

4. Specifically, Plaintiff opened the box and reached inside to remove the blender. When she reached in, she was cut by the blade that was uncovered and loose in the box.

5. As a direct and proximate result of Defendant's conduct, Plaintiff incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

**PLAINTIFF MAGALY STEPHANIA MENDEZ CANTU**

6. Plaintiff is a resident and citizen of the City of Misson, County of Hildalgo, State of Texas. Plaintiff is, therefore, a resident and citizen of the State of Texas for purposes of diversity pursuant to 28 US.C. § 1332.

7. On or about June 16, 2022, Plaintiff was using the blender designed, manufactured, marketed, imported, distributed, and sold by Defendant SharkNinja for its intended and reasonably foreseeable purpose of blending and cooking when she sustained laceration injuries as the direct and proximate result of the blender's blade assembly detaching from the blade base during the normal, intended use of the blender. The incident occurred as the result of the Ninja blender's defect(s), namely, the Ninja blender's use of an unsecured blade assembly.

**DEFENDANT SHARKNINJA OPERATING LLC**

8. Defendant SharkNinja designs, manufactures, markets, imports, distributes, and sells various consumer products, including the subject Ninja blender.

9. Defendant SharkNinja Operating LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole

member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England. SharkNinja is, therefore, a citizen of the United Kingdom and England for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

**JURISDICTION & VENUE**

10. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Plaintiff is a resident and citizen of this District and a substantial part of the events or omissions giving rise to the claim occurred.

12. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Texas and intentionally availed itself of the markets within Texas through the promotion, sale, marketing, and distribution of its products.

**FACTUAL BACKGROUND**

13. Defendant SharkNinja is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the blenders that are at issue in this litigation.

14. Ninja blenders, including the one that injured the Plaintiff, essentially have three main components: a base unit containing a high-speed motor and a gear shaft (the “motor base”); a pitcher that locks onto the motor base; and a stacked blade assembly with six sharp blades that is dropped onto the gear shaft (the “blade assembly”).

15. The blade assembly packaging consists solely of a thin plastic covering. No other safeguards—not even cardboard—would prevent the consumer from being lacerated when reaching into the blender's box.

16. On the morning of December 23, 2022, Plaintiff was excited to use her brand-new Ninja Professional Plus Blender.

17. Plaintiff opened the box and reached in to pull out the blender. When she reached in, she was cut by the uncovered blade and sitting loosely in the box.

18. Plaintiff ***attempted*** to use her Ninja blender for its intended purpose of preparing meals and drinks for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendant.

19. However, the aforementioned Ninja blender was defectively designed and manufactured by Defendant in that its loose, unsecured blade assembly was improperly packaged.

20. Defendant's Ninja blenders possess defects that make them unreasonably dangerous for their intended use by consumers.

21. Economic, safer alternative designs (e.g., a simple cardboard covering) were available that could have prevented the Ninja blender's blade from lacerating an unwary consumer.

22. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

23. Consequently, Plaintiff seeks damages resulting from the use of Defendant's blender as described above, which has caused Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

## COUNT I
## STRICT LIABILITY

35. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

36. At the time of Plaintiff's injuries, Defendant's blenders were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

37. Defendant's blenders were in the same or substantially similar condition as when they left Defendant's possession.

38. Plaintiff did not misuse or materially alter the subject blender.

39. The blenders did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

40. Further, a reasonable person would conclude that the possibility and seriousness of harm outweighs the burden or cost of making the blenders safe. Specifically:

a. The blenders designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b. The seriousness of the potential laceration injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c. Defendant failed to properly market, design, manufacture, package, distribute, supply, and sell the blenders, despite having extensive knowledge that the aforementioned injuries could and did occur; and

e. Defendant failed to warn and place adequate warnings and instructions on the blenders' packaging.

41. Defendant's actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for

damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## COUNT II
## NEGLIGENCE

42. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

43. Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective blenders that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

44. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, packaging, sale, and marketing of its blenders in that Defendant knew or should have known that said blenders created a high risk of unreasonable harm to the Plaintiff and consumers alike.

45. Defendant was negligent in the design, manufacture, advertising, warning, marketing, packaging, and sale of its blenders in that, among other things, it:

a. Failed to use due care in designing and manufacturing the blenders to avoid the aforementioned risks to individuals;

b. Placed an unsafe product into the stream of commerce;

c. Were otherwise careless or negligent.

46. Even though Defendant knew or should have known that its Ninja blenders were dangerously defective and could cause the injuries described herein, Defendant continued to market its Ninja blenders to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court

deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, including punitive damages if applicable, to which she is entitled by law, as well as all costs of this action, interest to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for her injuries, economic losses, and pain and suffering sustained as a result of the use of Defendant's blender;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case;

e. an award of attorneys' fees; and

f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

Date: December 16, 2024

Julian C. Gomez
**THE JULIAN C. GOMEZ LAW FIRM, PLLC**
1300 N 10TH ST, STE, 480C
McAllen, TX 78501
(956) 331-2500 / (956) 331-2500 (fax)
jcg@jcglf.com

*In association with:*

**JOHNSON BECKER, PLLC**
Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*

Anna R. Rick, Esq. (MN #0401065)
*Proc Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 /612-436-1801 (fax)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***